**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

January 7, 2021

David R. Giles, Esq.
34 Rynda Road
South Orange, NJ 07079
*Counsel for Plaintiff*

Aimee Blenner, Esq.
State of New Jersey Office of The Attorney General
25 Market Street
P.O. Box 112
Trenton, NJ 08625
*Counsel for Defendants*

**LETTER OPINION FILED WITH THE CLERK OF THE COURT**

    **Re:**    *E.K. v. New Jersey Dep't of Educ, et al.*
             **Civil Action No. 20-14409 (SDW) (LDW)**

Counsel:

    Before this Court is Plaintiff's Motion for Reconsideration ("Motion") of this Court's November 19, 2019 Order denying Plaintiff's application for an Order to Show Cause and closing this matter (D.E. 9), and a request for leave to file an amended complaint. (D.E. 10.) This Court, having considered the parties' submissions, and for the reasons discussed below, denies Plaintiff's Motion and the request for leave to amend the pleading.

**DISCUSSION**[1]

A.

    E.K. ("Plaintiff") is the parent of O.K., a twelve-year-old child who is allegedly eligible for special education and related services under the Individuals with Disabilities Education Act ("IDEA").[2] (D.E. 1 ¶¶ 3–4, 8.) Plaintiff and O.K. reside within the Bayonne School District ("BSD"). (*Id.* ¶ 5.)

---

[1] The Court writes primarily for the parties and summarizes the relevant procedural history below.

[2] The IDEA was enacted to ensure that children with disabilities receive a free appropriate public education ("FAPE") and are not placed "in regular classrooms awaiting the time when they were old enough to drop out." *Bd. of Educ. of*

1

Plaintiff commenced this action individually and on behalf of O.K. on October 14, 2020, against the New Jersey Department of Education and Kevin Dehmer, the Interim Commissioner of Education (collectively, "State Defendants"). (D.E. 1.) On the same day, Plaintiff filed an application for an Order to Show Cause as to why a preliminary injunction should not issue. (D.E. 1-4, 1-6.) Plaintiff ultimately sought injunctive relief consisting of (i) a due process hearing before an Administrative Law Judge ("ALJ") to be conducted and decided within 30 days, and (ii) an out of district placement for O.K. during the pendency of this matter and the due process hearing. (D.E. 1-5, 1-6.) The complaint sought identical relief as well as attorneys' fees and compensatory education for the delay in O.K.'s FAPE allegedly caused by the State Defendants' failure to provide Plaintiff a timely due process hearing as required under the IDEA. (D.E. 1 ¶¶ 74–85.)

Before filing this lawsuit, Plaintiff reached a settlement ("Settlement") with BSD for claims related to O.K.'s right to a FAPE through October 29, 2019. (D.E. 1-7 ¶¶ 15–19; D.E. 1 ¶¶ 14–20.) Thereafter, on November 13, 2019, BSD amended O.K.'s Individualized Education Plan ("IEP") to incorporate terms from the Settlement. (D.E. 1 ¶ 21.) On June 23, 2020, Plaintiff filed a due process petition ("Petition") alleging various failures by BSD in connection with its development and implementation of O.K.'s IEP. (*Id.* ¶ 33; D.E. 1-7 ¶ 12.)

Following unsuccessful mediation on July 27, 2020, the Petition was referred to New Jersey's Office of Administrative Law. (D.E. 1-7 ¶¶ 12–13.) The parties participated in a settlement conference before the ALJ Barry E. Moscowitz on August 13, 2020, before the matter was assigned to ALJ Danielle Pasquale ("ALJ Pasquale"). (*Id.* ¶¶ 14–15.) ALJ Pasquale permitted BSD to file a motion to dismiss the Petition on jurisdictional grounds given the potentially controlling Settlement; briefing was to be completed by October 16, 2020. (*Id.* ¶¶ 18–31.) A hearing before ALJ Pasquale was scheduled to occur on December 14, 2020. (*Id.* ¶ 36.)

ALJ Pasquale entered a decision ("Final Decision") on November 16, 2020, dismissing the Petition in its entirety for lack of jurisdiction. (*See* D.E. 10-2 ("Giles Cert.") ¶ 12.) On the same day, Plaintiff's counsel notified this Court of ALJ Pasquale's Final Decision and expressed Plaintiff's desire to withdraw the pending application for an Order to Show Cause and amend the complaint. (*Id.* ¶ 13.) The State Defendants declined to file a response to Plaintiff's application for an Order to Show Cause by November 18, 2020, in accordance with this Court's scheduling Order. (*See* D.E. 7.) Accordingly, on November 19, 2020, this Court issued an Order denying Plaintiff's application for an Order to Show Cause as moot in light of ALJ Pasquale's Final Decision and closed this action. (D.E. 9.)

Plaintiff now moves for reconsideration of the November 19, 2020 Order and seeks leave to amend her complaint to assert multiple claims against BSD as a new defendant and appeal ALJ Pasquale's Final Decision. (D.E. 10-1 at 4.) Although Plaintiff agrees that her claim for injunctive relief became moot following ALJ Pasquale's Final Decision, she contends that her claims for compensatory education and attorneys' fees remain justiciable.[3] (D.E. 10-1 at 1, 4.)

---

*Hendrick Hudson Cent. Sch. Dist. v. Rowley*, 458 U.S. 176, 179 (1982) (discussing the history of the IDEA) (internal quotations omitted). "The IDEA protects the rights of disabled children by mandating that public educational institutions identify and effectively educate those children, or pay for their education elsewhere if they require specialized services that the public institution cannot provide." *D.K. v. Abington Sch. Dist.*, 696 F.3d 233, 244 (3d Cir. 2012) (quoting *P.P. ex rel. Michael P. v. W. Chester Sch. Dist.*, 585 F.3d 727, 735 (3d Cir. 2009)).

[3] To the extent Plaintiff intended to raise a claim under Section 1983 against the State Defendants in the complaint, she wholly fails to mention any purported Section 1983 claim in her Motion. Accordingly, the Court construes any

B.

A party moving for reconsideration must file its motion within fourteen (14) days "after the entry of the order or judgment on the original motion" and set "forth concisely the matter or controlling decisions which the party believes the . . . Judge has overlooked." L. Civ. R. 7.1(i). A motion for reconsideration is "an extremely limited procedural vehicle" which is to be granted "sparingly." *A.K. Stamping Co., Inc. v. Instrument Specialties Co., Inc.*, 106 F. Supp. 2d 627, 662 (D.N.J. 2000) (citations omitted); *Sch. Specialty, Inc. v. Ferrentino*, No. 14-4507, 2015 WL 4602995 at *2 (D.N.J. July 30, 2015) (citations omitted). Motions to reconsider are only proper where the moving party shows "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [reached its original decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Mere disagreement with a court's decision is not an appropriate basis upon which to bring a motion for reconsideration as such disagreement should "be raised through the appellate process." *U.S. v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

Here, Plaintiff seeks compensatory education and attorneys' fees from the State Defendants in connection with their purported denial of O.K.'s FAPE during the allegedly prolonged pendency of administrative proceedings before the ALJ. (*See* D.E. 1 at 18; D.E. 10-1 at 6.) However, "[t]he remedy of compensatory education is available only where a student's substantive rights are affected by a ***school district's*** non-compliance with the IDEA." *D.K. v. Abington Sch. Dist.*, 696 F.3d 233, 249 (3d Cir. 2012) (emphasis added). Moreover, procedural violations are actionable when they "result[] in a loss of educational opportunity for the student, seriously deprive[] parents of their participation rights, or cause[] a deprivation of educational benefits." *D.S. v. Bayonne Bd. of Educ.*, 602 F.3d 553, 565 (3d Cir. 2010). Because Plaintiff fails to identify any intervening change in the relevant law, new evidence that was unavailable at the time this Court entered its decision, or an error of fact or law that, if left uncorrected, would result in manifest injustice, specifically as it relates to her claims for compensatory education and attorneys' fees from the State Defendants, the Motion is denied.[4] (*See generally* D.E. 10-1.)

C.

Lastly, Plaintiff's proposed amended complaint seeks to appeal the ALJ's Final Decision as it relates to the Settlement, add BSD as a defendant, and assert multiple claims against it, including alleged violations of O.K.'s right to a FAPE and stay-put placement. (Giles Cert. at 6–29.) Because the proposed amended complaint does not alter the original claims brought against the State Defendants (*compare* D.E. 1, *with* Giles Cert. at 6–29), the analysis below focuses on new claims Plaintiff attempts to lodge against BSD.

---

alleged Section 1983 claim as waived. *See Anspach v. City of Philadelphia*, 503 F.3d 256, 258 n.1 (3d Cir. 2007) ("failure to raise an argument in one's opening brief waives it").

[4] Even if Plaintiff properly seeks compensatory education from the State Defendants, she fails to provide any basis that the alleged delay in administrative proceedings resulted in O.K.'s loss of educational opportunity, seriously deprived Plaintiff of her participation rights, or "cause[d] a deprivation of educational benefits." *See D.S.*, 602 F.3d at 565.

Pursuant to Federal Rule of Civil Procedure ("Rule") 15(a)(1), a party may amend its complaint once as a matter of course within 21 days after serving it, or 21 days after service of a responsive pleading or motion pursuant to Rule 12(b), (e), or (f). Here, there is no evidence that Plaintiff served BSD with its proposed amended complaint. (*See* D.E. 10-4 (Plaintiff's certificate of service on the State Defendants only).) Accordingly, pursuant to Rule 15(a)(2), Plaintiff may amend her complaint "only with the opposing party's written consent or the court's leave."

A motion for leave to amend a complaint shall be freely given when justice so requires. *Foman v. Davis*, 371 U.S. 178, 182 (1962); Fed. R. Civ. P. 15. Although leave to amend pleadings is granted liberally, the court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Foman*, 371 U.S. at 182. The decision whether to grant or deny a motion for leave to amend rests "within the discretion of the District Court." *Id.*

Here, the proposed amended complaint seeks to assert new claims against BSD that are wholly unrelated to the alleged procedural violation in the original complaint, namely, Plaintiff's purported deprivation of a timely due process hearing. (*Compare* D.E. 1, *with* Giles Cert. at 6–29.) Pursuant to Rule 20, a defendant may be joined to an action if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." "In exercising its discretion [to join parties], the District Court must provide a reasoned analysis that comports with the requirements of [] Rule [20], and that is based on the specific fact pattern presented by the plaintiffs and claims before the court." *Hagan v. Rogers*, 570 F.3d 146, 157 (3d Cir. 2009); *see Boretsky v. Governor of New Jersey*, 433 F. App'x 73 (3d Cir. 2011) (unpublished).

Although the general underlying dispute regarding O.K.'s FAPE gave rise to the alleged procedural violation asserted in the original complaint, Plaintiff seeks to add new claims against only BSD that relate to separate and distinct issues—BSD's development and implementation of O.K.'s IEP. (*See* Giles Cert. at 21–29.) Moreover, the proposed amended complaint seeks to appeal the ALJ's Final Decision, which involves interpretation of the Settlement between Plaintiff and BSD. (*Id.* at 28–29.) For these reasons, the proposed claims against BSD do not involve issues of law or fact common to all the defendants. Accordingly, Plaintiff's request for leave to amend is denied. *See Hayden v. Westfield Ins. Co.*, 586 F. App'x 835, 839–40 (3d Cir. 2014) (affirming the district court's denial of a Rule 20 motion to raise additional claims against a new defendant that were distinct from the initial insurance dispute).

## **CONCLUSION**

Plaintiff's Motion for Reconsideration and request for leave to file an amended complaint are **DENIED**. An appropriate order follows.

  /s/ Susan D. Wigenton  
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk

Cc: Leda D. Wettre, U.S.M.J.
     Parties